NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0168n.06
Filed: February 27, 2009

No. 07-1993

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| MICHAEL E. TINDALL, | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff-Appellant, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| v. | ) | DISTRICT OF MICHIGAN |
| | ) | |
| PLACER SIERRA BANK and BANK OF LODI, | ) | M E M O R A N D U M |
| | ) | O P I N I O N |
| Garnishee Defendants-Appellees. | ) | |

BEFORE:    KEITH, COLE, and McKEAGUE, Circuit Judges.

PER CURIAM.  This is an appeal from an order setting aside a default entered against garnishee defendants and dismissing plaintiff's writ of garnishment.  For the reasons that follow, we affirm.

In October 2005, plaintiff Michael E. Tindall, a Michigan attorney, acting *pro se*, obtained a default judgment in the United States District Court for the Eastern District of Michigan against three California citizens who Tindall alleged had perpetrated a fraud in selling a motor vehicle to him.  Although the agreed purchase price of the car, a 1973 Ford Mustang, was $10,300, Tindall erroneously represented to the Court Clerk that his claims were for a sum certain and obtained a Clerk-entered default judgment for $296,865.  Executing on the judgment in November 2005, Tindall caused the District Court for the Eastern District of Michigan to issue a writ of garnishment

to Bank of Lodi, a division of Placer Sierra Bank, in California. At that time, one of the defendant car sellers had a checking account with the Bank of Lodi.

The district court ultimately held that the writ was properly served on the Bank of Lodi at the earliest, if at all, on November 28, 2005, triggering a 14-day opportunity for the Bank to file its required disclosure statement. However, Tindall, believing and representing to the Court Clerk that service had been effected earlier by mailing, obtained entry of default against the Bank on November 29, 2005, well before expiration of the Bank's 14-day response period. Tindall subsequently moved for entry of default judgment against the Bank and the Bank moved to set aside the default for lack of personal jurisdiction. Following a hearing on June 22, 2006, the district court granted the Bank's motion to set aside the default, finding the default had been entered prematurely. Further, because the court had in the meantime vacated the underlying default judgment on which the writ of garnishment was based, the court dismissed the writ.[1] Tindall's motion for reconsideration of these rulings was denied in an opinion and order dated December 1, 2006.

On appeal, Tindall challenges the procedure employed by the district court in setting aside the default and insists that the Bank's liability, established when default entered, was not altered by the subsequent order vacating the underlying judgment. Having duly considered Tindall's appellate arguments, we find them to be meritless. His claims of error are based on arguments that were fairly and adequately addressed in the district court's December 1, 2006 opinion denying his motion for

---

[1]After vacating the underlying default judgment, the district court conducted an evidentiary hearing to determine Tindall's actual damages. On July 16, 2007, the court awarded Tindall $12,160 in damages, $3,100 in costs, and $7,800 in attorney fees, a judgment we have affirmed (with the exception of the attorney fees award) in the consolidated appeals, *Tindall v. One 1973 Ford Mustang, et al.*, Nos. 07-1885, 07-1946.

reconsideration.  Finding that a further opinion reiterating the district court's reasoning would be

unnecessarily duplicative, we **AFFIRM** on the basis of the district court's opinion.